UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH KINGBIRD,<br><br>Defendant. | Case No. 19-CR-0054(1) (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Deidre Y. Aanstad, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, and Katharine T. Buzicky, 316 North Robert Street, Suite 404, Saint Paul, Minnesota 55101, for the Government.

Jeremiah Kingbird, FCI Florence, P.O. Box 6000, Florence, Colorado 81226, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Jeremiah Kingbird's Pro Se Motion Seeking Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) ("Def.'s Mot.") [Doc. No. 92]. Mr. Kingbird seeks compassionate release from his term of imprisonment due to the dangers posed by the COVID-19 virus. (*Id.* at 1, 6.) The Government filed a response in opposition to Mr. Kingbird's Motion ("Gov't's Opp'n") [Doc. No. 98]. Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Mr. Kingbird's Motion.

In October 2019, Mr. Kingbird pleaded guilty to one count of murder in the second degree under 18 U.S.C. §§ 1111, 1151, and 1153(a) after he assaulted his wife, Gennie Marie Kingbird, in January 2019 and then left her beside a highway during the early hours of the cold, winter morning. (Plea Agmt. [Doc. No. 60] ¶¶ 1, 2(a).) Ms. Kingbird died shortly thereafter, and an autopsy determined that her cause of death was "hypothermia and homicidal violence[,] including manual strangulation and traumatic injuries to the face and head." (*Id.*)

On September 29, 2020, the Court sentenced Mr. Kingbird to a 192-month term of imprisonment (*see* Sentencing J. [Doc. No. 90] at 2), which Mr. Kingbird is currently serving at the Federal Correctional Institution in Florence, Colorado ("FCI Florence") (*see* Gov't's Opp'n at 1). He has a projected release date of September 20, 2032. *See* Federal Bureau of Prisons ("BOP"), *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed Jan. 4, 2023).

Mr. Kingbird seeks compassionate release in light of the risks associated with the ongoing COVID-19 pandemic. (Def.'s Mot. at 1–6.) He asserts that he is at particular risk from contracting the virus because he suffers from "hypertension; type 2 diabetes; and obesity, having a Body Mass Index ("BMI") of 45." (*Id.* at 3.) Additionally, he contends that even though he has been vaccinated against COVID-19, he is still at risk from contracting the disease because the Center for Disease Control and Prevention ("CDC") has discovered evidence showing "that even vaccinated individuals can contract, spread the virus, and have lethal implications." (*Id.* at 4 (citing Kayla Hui, *The State of COVID-19 in U.S Prisons*, https://www.verywellhealth.com/prisons-covid-delta-variant-5191964

(July 9, 2021)).) Finally, Mr. Kingbird asserts that the BOP is not competent to manage the COVID-19 virus and has demonstrated indifference to the consequences of its incompetent pandemic management, which further imperils him. (*Id.* at 5–6.) Citing 18 U.S.C. § 3582(c)(1)(A)(i), he argues that these risks present "extraordinary and compelling reasons" to grant his request for compassionate release. (*Id.* at 1–2, 7.)

The Government opposes Mr. Kingbird's Motion on three grounds.[1] First, the Government asserts that he has failed to demonstrate any extraordinary and compelling reasons warranting compassionate release. (Gov't's Opp'n at 9–12.) Although the Government concedes that Mr. Kingbird has shown that he suffers from "hypertension and obesity[,]" it argues that he is only prediabetic and that, "[h]aving been vaccinated, . . . Kingbird no longer has a particularized susceptibility to COVID-19[.]" (*Id.* at 6, 10, 11.) The Government also notes that, at the time of filing its memorandum, FCI Florence had only eight positive cases of COVID-19 for inmates, and only six positive cases for staff members, presenting low viral risk. (*Id.* at 3.) Second, the Government argues that the Court should deny Mr. Kingbird's request because "[h]e has served only a short portion of his sentence" and "would pose a danger to public safety if released." (*Id.* at 12, 13.) Third, the Government contends that the § 3553 sentencing factors weigh against Mr. Kingbird's early release because of the nature of his offense involving the "brutal treatment of his wife." (*Id.* at 13.) Such a reduction, it argues, would fail to account for the serious nature

---

[1] The Government acknowledges that Mr. Kingbird has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), before seeking relief from the Court. (Gov't's Opp'n at 5.) Based upon a review of the record, the Court agrees.

and circumstances of Mr. Kingbird's crime, would create an unjustifiable risk to public safety, and would not result in just punishment or foster respect for the law. (*Id.* at 13–14.)

The First Step Act allows courts to modify a term of imprisonment where "extraordinary and compelling reasons" exist. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Numerous district courts, including in this district, have found that three issues must be considered when evaluating a defendant's motion seeking compassionate release:

> (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community."

*United States v. Arafat*, No. 12-CR-0045 (SRN/JJG), 2021 WL 3721849, at *5 (D. Minn. Aug. 23, 2021) (quoting *United States v. White*, 13-CR-20653(1) (MFL), 2020 WL 2557077, at *4 (E.D. Mich. May 20, 2020)); *see also United States v. Edison*, No. 12-CR-225 (DWF/FLN), 2020 WL 3871447, at *2 (D. Minn. July 9, 2020). A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) and *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

Due to the COVID-19 pandemic, the Centers for Disease Control ("CDC") has advised that there are three primary risk factors for serious illness from COVID-19: age, a compromised immune system, and certain underlying health conditions. *See* CDC, *Factors That Affect Your Risk of Getting Very Sick from COVID-19*, https://www.cdc.

gov/coronavirus/2019-ncov/your-health/risks-getting-very-sick.html (last updated Oct. 19, 2022). Mr. Kingbird is only 42 years of age, which does not place him in the age-based risk category for severe illness should he contract COVID-19. *See* BOP, *Find an Inmate, supra*. He also does not assert that he is immunocompromised. Therefore, the Court considers whether any of Mr. Kingbird's underlying health conditions, alone or in combination, significantly enhance his vulnerability to the virus. *See* U.S.S.G. § 1B1.13 cmt. 1(A)(i), n.1(D).

Mr. Kingbird claims that he suffers from hypertension, type 2 diabetes, and obesity. (Def.'s Mot. at 3.) His medical records support a diagnosis of hypertension and obesity. (*See, e.g.*, Def.'s Ex. 2 [Doc. No. 93] at 6–7; Gov't's Ex. 1 [Doc. No. 99] at 27.) However, they do not support a type 2 diabetes diagnosis, showing instead that Mr. Kingbird is currently diagnosed as prediabetic. (*See* Gov't's Ex. 1 at 5, 92–93.) Hypertension, obesity, and prediabetes—alone or in combination—do not rise to the level of seriousness to warrant compassionate release where, as here, an inmate is receiving appropriate medical treatment for these conditions. *See United States v. Kline*, No. 17-CR-253(01) (MJD), 2022 WL 1094118, at *2 (D. Minn. Apr. 12, 2022); *United States, v. Kirk*, No. 19-CR-213 (ADM/HB), 2022 WL 624703, at *1 (D. Minn. Mar. 3, 2022).

Moreover, Mr. Kingbird has received two vaccinations against COVID-19 that mitigate his risk. (*See* Def.'s Ex. 3 [Doc. No. 93] at 32; Gov't's Ex. 1 at 99, 154.) The CDC advises that while vaccinated individuals may still contract COVID-19, "they are much less likely to experience severe symptoms than people who are unvaccinated." CDC, *COVID-19, The Possibility of Breakthrough Infections after Vaccination*,

5

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last updated June 23, 2022).

Additionally, while the Court does not intend to minimize Mr. Kingbird's expressed fears concerning his risk of contracting COVID-19 while in prison, such generalized fears—without facts demonstrating any particularized risk—do not rise to "extraordinary and compelling reasons" warranting compassionate release. *See United States v. Muhlenhardt*, No. 14-CR-162 (SRN/JJK), 2020 WL 4697112, at *3 (D. Minn. Aug. 13, 2020) (citing *United States v. Fry*, No. 11-CR-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) and *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). At present, FCI Florence has no inmates testing positive for COVID-19, and only one staff member with a positive test, indicating low viral risk. *See* BOP, *COVID-19 Coronavirus Resource Page*, https://www.bop.gov/coronavirus/ (last accessed Jan. 4, 2023).

The Court further finds that a sentence reduction is not supported by the sentencing factors as set forth in 18 U.S.C. § 3553(a). Mr. Kingbird has well over half of his sentence yet to serve, and such a significant sentence reduction would not reflect the seriousness of his offense, promote respect for the law, or provide a just punishment. *See United States v. Andrews*, No. 18-CR-149 (SRN), 2020 WL 4500227, at *5 (D. Minn. Aug. 5, 2020) (citing 18 U.S.C. § 3553(a)).

Additionally, the Court is also concerned that Mr. Kingbird continues to pose a danger to the community because of the serious physical harm caused by his criminal conduct.

In sum, the Court therefore finds that neither Mr. Kingbird's risk of contracting COVID-19, nor any other compelling circumstances, warrant compassionate release at this time. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Pro Se Motion Seeking Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [Doc. No. 92] is **DENIED**.

Dated: January 9, 2023                                s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge